UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LARRY WAYNE AIKEN,

        Plaintiff,

   v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

1:20-cv-0600 (NLH) (JS)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**:

Larry Wayne Aiken
20329-017
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Plaintiff pro se

**HILLMAN, District Judge**

    WHEREAS, Plaintiff Larry Wayne Aiken filed a complaint against the Federal Bureau of Prisons, see ECF No. 1; and

    WHEREAS, the Court permitted the complaint to proceed in full on February 10, 2020; see ECF No. 9; and

    WHEREAS, the Clerk's Office transmitted U.S. Marshal Form 285 to Plaintiff, see ECF No. 10; and

    WHEREAS, Plaintiff returned one form on February 20, 2020, see ECF No. 11; and

    WHEREAS, Plaintiff wrote to the Court on November 23, 2020

asking about the status of his case and requesting default against the defendants, ECF No. 15; and

WHEREAS, service is not completed on a United States agency like the Federal Bureau of Prisons until the plaintiff has served a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought, i.e., the United States Attorney for the District of New Jersey, and the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1).  See also ECF No. 10 at n.1 ("If you are suing the United States, Its agencies, Officers or Employees, you must complete two additional 285 forms — one for the U.S. Attorney for New Jersey, and one for the Attorney General of the United States, see Fed. R. Civ. P. 4(i)."); and

WHEREAS, the Marshals only serve parties identified on the 285 Forms.  Plaintiff filled out a 285 Form for the Bureau of Prisons' Northeast Regional Director; he did not complete forms for the United States Attorney for the District of New Jersey and the Attorney General of the United States.  Therefore, the Marshals did not serve either required party; and

WHEREAS, Rule 4(m) of the Federal Rules of Civil Procedure requires defendants to be served with the complaint within 90 days.  It appears more than 90 days have elapsed without proof of service on the United States Attorney for the District of New Jersey and the Attorney General of the United States; and

2

WHEREAS, failure to timely serve may be excused for good cause, Fed. R. Civ. P. 4(m),

THEREFORE, IT IS on this __1st__ day of December, 2020

ORDERED that, within twenty-one (21) days of this Order, Plaintiff shall show cause, in writing, why the complaint should not be dismissed for failure to effectuate proper service, Fed. R. Civ. P. 4(m); and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.