UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LARRY WAYNE AIKEN,

        Plaintiff,

  v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

---

1:20-cv-0600 (NLH) (JS)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**:

Larry Wayne Aiken
20329-017
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Plaintiff pro se

**HILLMAN, District Judge**

    WHEREAS, Plaintiff Larry Wayne Aiken filed a complaint against the Federal Bureau of Prisons, see ECF No. 1; and

    WHEREAS, the Court issued an order to show cause why the complaint should not be dismissed for failure to serve defendants within the time set by Federal Rule of Civil Procedure 4, see ECF No. 16; and

    WHEREAS, Plaintiff responded that he did not know he had to serve the United States Attorney for the District of New Jersey and the Attorney General of the United States, ECF No. 17; and

WHEREAS, the Court must extend the time for service if Plaintiff shows good cause, Fed. R. Civ. P. 4(m).  In the absence of good cause, the Court has discretion to either extend the time for service of process or dismiss the complaint without prejudice.  See Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007); and

WHEREAS, Plaintiff's ignorance of the service requirements is not good cause.  See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 884 (3d Cir. 1987) ("[A]n unjustified misunderstanding of the requirements of the law will not suffice.").  Therefore, the Court finds that Plaintiff has not demonstrated good cause for failure to serve; and

WHEREAS, the Court will nonetheless exercise its discretion to extend the time for service as Plaintiff is a prisoner proceeding pro se and Defendants will not be prejudiced by the relatively minor delay in service,

THEREFORE, IT IS on this   14th    day of December, 2020

ORDERED that the order to show cause, ECF No. 16, is vacated.  The time for service is extended ninety (90) days from the date of this order, Fed. R. Civ. P. 4(m); and it is further

ORDERED that the Clerk shall send Plaintiff two (2) U.S. Marshal 285 Forms along with a transmittal letter explaining the procedure for completion; and it is further

ORDERED that, once the Marshal receives the USM-285 Form(s)

2

from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

ORDERED that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is

---

[1] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

finally

    ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey                  s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.